UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x

In re:                                          Chapter 11

M. FABRIKANT & SONS, INC. and                   Case No. 06-12737-(SMB)
FABRIKANT – LEER INTERNATIONAL, LTD.
                                                (Jointly Administered)
                              Debtors.

------------------------------------------------------------ x

**FINAL APPLICATION OF PETER J. SOLOMON COMPANY AS FINANCIAL ADVISOR FOR THE DEBTORS FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF EXPENSES FOR THE <u>PERIOD NOVEMBER 17, 2006 THROUGH MAY 31, 2007</u>**

| | |
|---|---|
| Name of Applicant: | Peter J. Solomon Company |
| Role: | Financial Advisor to the Debtors |
| Date of Retention: | November 17, 2006 |
| Periods for which Compensation and Reimbursement is Sought: | November 17, 2006 through May 31, 2007 |
| Amount of Compensation Sought as Actual, Reasonable, and Necessary: | $1,188,626.45 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable, and Necessary:[1] | $15,346.65 |

---

[1] Peter J. Solomon Company reserves the right to supplement this Application with expenses not yet accounted for or processed in its accounting system.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
In re:                                                          Chapter 11

M. FABRIKANT & SONS, INC. and                                   Case No. 06-12737-(SMB)
FABRIKANT – LEER INTERNATIONAL, LTD.
                                                                (Jointly Administered)
                    Debtors.

------------------------------------------------------------ x

# FINAL APPLICATION OF PETER J. SOLOMON COMPANY AS FINANCIAL ADVISOR FOR THE DEBTORS FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF EXPENSES FOR THE <u>PERIOD NOVEMBER 17, 2006 THROUGH MAY 31, 2007</u>

Peter J. Solomon Company ("PJSC"), investment banker to M. Fabrikant & Sons, Inc. and Fabrikant – Leer International, Ltd. (the "Debtors," the "Company," or "Fabrikant"), hereby makes this Final Application for Allowance of Compensation for Services Rendered and for Reimbursement of Expenses for the period November 17, 2006 through May 31, 2007 (the "Application"). In support of this Application, PJSC respectfully represents as follows:

1. This Application is made pursuant to: (i) Sections 328(a) and 1103(a) of the Bankruptcy Code; (ii) Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); (iii) the Court's Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals (the "Administrative Order"); (iv) the Court's Order, authorizing Employment and Retention of Peter J. Solomon Company as the Debtors' Investment Banker Effective November 17, 2006 (the "Employment Order"), a copy of which is attached as Exhibit "J."

2. By this Application, PJSC requests allowance and approval of final compensation in the amount of $1,188,626.45 and reimbursement of actual and necessary expenses in the amount of $15,346.65 for the period effective November 17, 2006 through May 31, 2007 (the "Retention Period"). Of the $1,203,973.10 sought for services rendered and reimbursement of expenses, PJSC has received to date $515,991.81 representing the monthly advisory fees, less the 20% holdback amounts, and the reimbursements of its expenses. PJSC is seeking a balance of $687,981.29 which represents the monthly fee holdbacks in the amount of $125,161.29 and the sale transaction fee of $562,820.00.

## BACKGROUND

3. On November 17, 2006 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

4. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. § 1408 and 1409. The statutory predicates for the relief sought herein are set forth in section 327(a) of the Bankruptcy Code and Rule 2014 of the Bankruptcy Rules.

## RETENTION OF PJSC

5. On August 24, 2006, the Company signed an engagement letter between the Company and PJSC (the "Engagement Letter") to retain PJSC as financial advisor in

connection with a transaction or series or combination of transactions. A copy of the Engagement Letter is attached hereto as Exhibit "B".

6. On November 18, 2006, the Debtor filed an application with this Court (the "Employment Application") requesting authorization to employ and retain PJSC as investment banker to the Company pursuant to 327(a) of the Bankruptcy Code, Rule 2014(a) of the Bankruptcy Rules and Rule 2014-1 of the Local Bankruptcy Rules. As noted in the Employment Application, PJSC performed services for the Company effective nunc pro tunc to November 17, 2006. A copy of the Employment Application is attached hereto as Exhibit "D."

7. On December 6, 2006, this Court entered the Interim Order approving the Employment Application and authorizing the Debtors to retain and employ PJSC as investment bankers to the Company, pursuant to the terms of the Engagement Letter.

8. On February 21, 2007, this Court entered the Second Interim Order approving the Employment Application and authorizing the Debtors to retain and employ PJSC as investment bankers to the Company, pursuant to the terms of the revised engagement letter dated January 24, 2007 (the "Revised Engagement Letter"). A copy of the Revised Engagement Letter is attached hereto as Exhibit "C".

9. On May 24, 2007, this Court entered the Final Order approving the Employment Application and authorizing the Debtors to retain and employ PJSC as investment bankers to the Company, pursuant to the terms of the Revised Engagement Letter.

10. Pursuant to the Revised Engagement Letter, PJSC has been authorized to provide such investment banking and financial advisory related services as may be requested by the Company, including the following:

(a) PJSC will familiarize itself to the extent it deems appropriate and feasible with the business, operations, properties, financial condition and prospects of the Company, and, to the extent relevant, any prospective Buyer, it being understood that PJSC shall, in the course of such familiarization, rely entirely upon such information as may be supplied by the Company or other relevant parties, including such Buyer and the Company's counsel, without assuming any responsibility for independent investigation or verification thereof;

(b) PJSC will assist the Company in the preparation of descriptive information concerning the Company, based upon information provided by the Company, the reasonableness, accuracy and completeness of which information PJSC will not be required to investigate and about which PJSC will express no opinion;

(c) PJSC will review and analyze the business plans and financial projections prepared by the Company;

(d) PJSC will evaluate the Company's liquidity needs, potential debt capacity and capitalization based on the Company's projected earnings and cash flows;

(e) PJSC will assist the Company with developing various financial models and projections to be used in conjunction with a Transaction;

(f) PJSC will assist the Company with developing and presenting various reporting and informational requirements as may be required from time to time by its Senior Bank Debt holders;

(g) PJSC will advise and assist the Company in identifying and contacting potential Transaction sponsors;

(h) PJSC will assist the Company in conducting presentations and due diligence meetings with prospective Transaction sponsors;

(i) PJSC will advise and assist the Company in developing a general strategy for accomplishing a Transaction, as well as its form and structure;

(j) PJSC will periodically advise the Company as to the status of dealings with any parties involved in a Transaction and will advise and assist the Company in the course of its negotiations, execution and closing of any Transaction;

(k) PJSC will advise and assist management of the Company in making presentations to the Company's Board of Directors concerning general strategy and any proposed Transaction;

(l) PJSC will participate as an advisor to the Company in negotiating and implementing a Transaction;

(m) PJSC will render such other financial advisory services as may from time to time be agreed upon by PJSC and the Company.

## TERMS AND CONDITIONS OF COMPENSATION OF PJSC

11. As described more fully in the Revised Engagement Letter, PJSC will be entitled to receive, as compensation for its services:

(a) A $100,000 monthly advisory fee; and

(b) The reimbursement of all reasonable and actual out of pocket expenses

(c) A commission based fee, as more specifically set forth in Section 3 of the Revised Engagement Letter, based on either a restructuring, financing or sale transaction.

## SUMMARY OF SERVICES PROVIDED BY PJSC

12. PJSC is led by Founder and Chairman Peter J. Solomon, whose career spans more than 35 years in financial advisory services. Its thirteen Managing Directors and five Senior Advisors have extensive experience in a variety of disciplines, including strategic analysis, mergers, acquisitions, financings, recapitalizations, restructurings and principal investments as well as accounting. PJSC professionals have assisted and advised (including providing restructuring advice) debtors, creditors, creditors' committees, bondholders, investors, and others in numerous bankruptcy cases such as

Mirant Corporation, Calpine Corporation, Owens Coming, Armstrong World Industries, Inc., Portrait Corporation of America, Syratech Corporation, and Northwest Airlines Corporation.

13. Although a number of professionals have worked on this engagement, the following professionals have performed substantial services to the Company in this case during the Retention Period (biographies of such selected professionals are annexed hereto as Exhibit "E"):

Bradley Dietz – Managing Director
Joseph Stein – Managing Director
Daniel Wallitt – Associate Director
Joseph Walter – Analyst
Stephanie Rose – Analyst

14. PJSC's retention reflects the belief that the employment of PJSC is necessary and is in the best interests of the Debtors, their creditors and estates. PJSC has worked diligently since retention to (i) review the Company's financial situation in detail in order to understand its complicated corporate structure including various affiliates, investments and international subsidiaries (both wholly and partially owned) and create summary financial documents to explain the current state of the Company to various interested parties; (ii) assist Management in developing projected financial statements under various scenarios and corporate structures including detailed segment information and bridges from historical financial results; (ii) assist Management in the development of a go-forward business plan, taking into account optimal corporate structure and liquidity needs; (iii) create a Confidential Information Memorandum ("CIM") utilized in marketing the Company to potential buyers which included industry analysis, detailed financial information by segment and comprehensive corporate information including

overviews of the wholesale and retail businesses and information regarding past acquisitions and restructuring transactions; (iv) contact over 65 prospective buyers to consider a potential transaction, working with a number of financial and strategic parties extensively to help them better understand the Company's current financial situation and go-forward business plan; (v) facilitate information requests from prospective buyers, working with the Company to create original analyses and summary documents; (vi) advise the Board of Directors and Management regularly regarding various strategic alternatives; (vii) prepare materials for, and coordinate a series of, Management meetings with creditors and potential buyers; (viii) negotiate terms and valuations with prospective buyers; (ix) orchestrate a successful auction process that would maximize interest and generate the greatest value for the Company's creditors; (x) answer questions from potential bidders; (xi) analyze all bids to ensure compliance with the bidding procedures; and (xii) analyze all bids to determine maximum values are achieved for the Debtors' estate.

15. During the Retention Period, PJSC has undertaken numerous tasks essential to the progress of the case. These efforts have resulted in a robust and competitive auction process that maximizes value to the Debtors' Estate. Pursuant to the Administrative Order, PJSC has submitted Monthly Fee Statements that provide a summary of the work performed on behalf of the Company during each month of the Retention Period. These Monthly Statements are included as Exhibit "F".

16. By this Application, PJSC seeks allowance of compensation and reimbursement of expenses for the Retention Period as follows:

(a) Compensation of $625,806.45 in respect of fees accrued during the Retention Period, consisting of Monthly Fees for the period beginning November 17, 2006 and ending May 31, 2007 ($500,645.16 of this amount has been paid to date). A summary of the fees due and paid during the Retention Period is attached hereto as Exhibit "G."

(b) Compensation of $562,820.00 in respect of fees consisting arising out of the Sale Transaction that occurred during the auction process. A summary of the calculation of the fee due under this provision is attached as Exhibit "H."

(c) Reimbursement of reasonable, actual, and necessary expenses in the amount of $15,346.65 incurred in connection with PJSC's services. A summary and itemization of these expenses is attached hereto as Exhibit "I."

## AUTHORITY FOR REQUESTED RELIEF

17. By its Employment Order, this Court specifically provided that (a) "Debtors are authorized to retain and employ PJSC as their financial advisors in connection with their chapter 11 cases, pursuant to section 327(a) of the Bankruptcy Code and Bankruptcy Rule 2014(a), on the terms and conditions set forth in the Motion, the Revised Engagement Letter, and this Order, nunc pro tunc as of the Petition Date" and (b) "PJSC shall be compensated for its services and reimbursed for any related expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules and the Engagement Letter, and any other applicable orders or procedures of this Court, and PJSC shall disclose in its monthly invoices and fee applications a description of the nature of post-petition services performed for, and the amount of any compensation sought and received from, any of the Debtors" provided, however "that the Debtors' senior secured debtholders…and the Official Committee of Unsecured Creditors shall retain the right to object to PJSC's interim and final fee applications (including expense reimbursement) solely to the

following extent: (i) with respect to PJSC's monthly advisory fees, on the ground of "improvidence" as provided in section 328(a) of the Bankruptcy Code, (ii) with respect to PJSC's reimbursement of out-of-pocket expenses, on the grounds of "actual and necessary" as provided in section 330(a)(1)(B) of the Bankruptcy Code, and (iii) with respect to PJSC's commission-based "success" fee, on the grounds provided for in section 330(a) of the Bankruptcy Code; provided, however, that in the event of the sale of substantially all of the Debtors' assets in a sale conducted pursuant to Section 363 of the Bankruptcy Code wherein substantially all the Debtors' assets are acquired by the Lenders utilizing a "credit bid" at the pre-established "Reserve Prices", PJSC, shall not be entitled thereagainst to receive a commission-based "success" fee...."

18. There have been no developments since the Petition Date that would justify any reduction to the fees and expense reimbursements specified in the Engagement Letter. Accordingly, under Section 328 of the Bankruptcy Code, the fees requested in this Application are appropriate.

19. In addition, PJSC's request for the reimbursement of expenses is appropriate. Section 330(a)(1)(B) provides that a professional shall be entitled to the "reimbursement for actual, necessary expenses." As described in Exhibit "I", the expenses that PJSC has incurred on behalf of the Company have not only been reasonable, but have been necessary for the critical services provided during the Retention Period.

**WHEREFORE**, PJSC requests the Court enter an Order (i) allowing the compensation for investment banking and financial advisory services rendered to the

Committee during the Retention Period in the amount of $1,188,626.45, (ii) allowing the reimbursement of actual and necessary expenses in the amount of $15,346.65 and (iii) authorizing and directing the Debtors to pay to PJSC all amounts requested pursuant to the Administrative Order.

Dated: May 31, 2007
      New York, New York

                                    **PETER J. SOLOMON COMPANY**

                                    _____
                                    **Bradley J. Dietz**
                                    **Managing Director**