UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re: : Chapter 11
 :
M. FABRIKANT & SONS, INC. and : Case No. 06-12737 (SMB)
FABRIKANT – LEER INTERNATIONAL, LTD., :
 :
 Debtors. : (Jointly Administered)
 :
------------------------------------------------------------X

**STIPULATION AND ORDER RESOLVING FINAL APPLICATION
OF PETER J. SOLOMON COMPANY, L.P. AS FINANCIAL ADVISOR FOR
THE DEBTORS FOR ALLOWANCE OF COMPENSATION FOR SERVICES
RENDERED AND FOR REIMBURSEMENT OF EXPENSES
FOR THE PERIOD NOVEMBER 17, 2006 THROUGH MAY 31, 2007**

This Stipulation and Order Resolving Final Application of Peter J. Solomon Company as Financial Advisor for the Debtors for Allowance of Compensation for Services Rendered and for Reimbursement of Expenses for the Period November 17, 2006 through May 31, 2007 (the **"Agreement"**) is entered into between Peter J. Solomon Company, L.P. (**"PJSC"**) and Alan M. Jacobs (the "**Trustee**"), as Trustee of the Shared Assets Trust, as successor-in-interest to the above-captioned debtors (the **"Debtors**" and, together with the Trustee and PJSC, the "**Parties**").

WHEREAS, on November 17, 2006, the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**");

WHEREAS, by letter, dated January 24, 2007 (the "**Engagement Letter**"), the Debtors retained PJSC as financial advisor in connection with, among other things, a "transaction . . . whereby . . . control of or a material interest in the assets, business or securities of the [Debtors] is acquired by or combined with any person or entity or any of its affiliates";

WHEREAS, on May 24, 2007, this Court entered the *Final Order Pursuant to Section 327(a) of the Bankruptcy Code, Bankruptcy Rule 2014(a) and Local Bankruptcy Rule 2014-1, Authorizing the Debtors' Retention and Employment of Peter J. Solomon Company, Nunc Pro Tunc, as of the Petition Date* [Docket No. 310] (the "**Retention Order**"), authorizing the retention of PJSC on the terms and conditions set forth in the Engagement Letter and the Retention Order;

WHEREAS, PJSC performed good and valuable services for the Debtors pursuant to the Engagement Letter leading to the sale of certain of the Debtors' assets;

WHEREAS, on April 17, 2007, the Debtors filed the *Motion for, Inter Alia: (I) An Order Scheduling an Auction for the Sale of Certain Assets of the Debtors; Approving Bidding Procedures and Protections in Connection Therewith; and Approving Form and Manner of Notice; and (II) A Second Order Approving (A) The Sale of Said Assets Pursuant to Section 363 of the Bankruptcy Code and (B) The Assumption and Assignment of Assumed Contracts Pursuant to Section 365 of the Bankruptcy Code* [Docket No. 263], pursuant to which the Debtors sought to sell certain of their assets;

WHEREAS, on April 26, 2007, the Court entered the *Order Pursuant to Sections 105(a), 363 and 364 of the Bankruptcy Code Approving Procedures for the Auction and Sale of Certain Assets of the Debtors, Free and Clear of Any and All Liens, Claims, Encumbrances and Other Interests and Shortening Notice* [Docket No. 280] (the "**Sale Procedures Order**");

WHEREAS, pursuant to the Sale Procedures Order, and with the assistance of PJSC, on May 21, 2007, the Debtors conducted an auction (the "**Sale**") of certain of its assets, pursuant to which Surya Capital LLC ("**Surya**") successfully bid $10.4 million for

the "FLI Inventory" and Wilmington Trust Company ("**Wilmington Trust**") was the successful bidder on the remaining bidding lots (the "**Wilmington Property**"), with a bid of $41.5 million;

WHEREAS, on May 29, 2007, the Court entered the *Order Pursuant to Sections 105(a), 363(b), (f), (k), and (m), and 1146(a) of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, 6006, and 9014 Approving (I) Sale of Certain of the Debtors' Assets Free and Clear of Lien, Claim, Encumbrances, and Other Interests; (II) Assumption of Certain Executory Contracts; and (III) Exemption of the Sale from All Transfer Taxes* [Docket No. 312], approving the Sale of the Wilmington Property to Wilmington Trust;

WHEREAS, on May 29, 2007, the Court entered the *Order Pursuant to Sections 363(b), (f) and (m) of the Bankruptcy Code Approving Sale of Certain Assets to Surya Capital Free and Clear of Lien, Claim, Encumbrances and Other Interests* [Docket No. 313] (the "**Surya Sale Order**") approving the Sale of the FLI Inventory to Surya;

WHEREAS, the Sale of the FLI Inventory to Surya closed within days of the concluded auction and entry of the Surya Sale Order;

WHEREAS, the Sale of the Wilmington Property closed on July 12, 2008 at an adjusted, reduced purchase price of $34,162,000;

WHEREAS on July 1, 2008, PJSC filed the *Final Application of Peter J. Solomon Company as Financial Advisor for the Debtors for Allowance of Compensation for Services Rendered and for Reimbursement of Expenses for the Period November 17, 2006 through May 31, 2007* [Docket No. 676] requesting allowance of final compensation of $1,188,626.45 and reimbursement of expenses of $15,346.65 for the period November 17, 2006 through May 31, 2007, of which allowance, PJSC sought

payment of $687,981.29, representing amounts held back from monthly fees owed by the Debtors of $125,161.29 and a fee for the Sale (the "**Sale Transaction Fee**") of $562,820;

WHEREAS, pursuant to the *Modified Joint Plan of Liquidation Under Chapter 11 of the Bankruptcy Code of the Official Committee of Unsecured Creditors, the Debtors' Current Lenders, Wilmington Trust Company, as Agent to the Current Lenders, and the Debtors* [Docket No. 650], the Shared Assets Trust was created to liquidate certain of the Debtors' assets for the benefit of the Lenders and unsecured creditors of the Debtors;

WHEREAS, on July 30, 2008, the Trustee filed the *Objection of Alan M. Jacobs, as Trustee of the Shared Assets Trust, to Final Application of Peter J. Solomon Company as Financial Advisor for the Debtors for Allowance of Compensation for Services Rendered and for Reimbursement of Expenses for the Period November 17, 2006 through May 31, 2007* [Docket No. 706] (the **"Objection"**), disputing PJSC's right to a Sale Transaction Fee; PJSC filed its a Response to the Objection [Docket No. 795]; and the Trustee filed its Reply to the Response [Docket No. 798];

WHEREAS, the Parties dispute whether PJSC is entitled to a Sale Transaction Fee and, if it is, the amount of such fee;

WHEREAS, the Parties, desirous of avoiding further litigation and aware of the risks attendant thereto, have agreed to a settlement of the Objection to the Sale Transaction Fee;

NOW, THEREFORE, after good faith, arm's-length negotiations, and without collusion, the Parties, intending to be legally bound, hereby agree as follows:

1. PJSC is allowed final compensation of $1,065,806.45 and reimbursement of expenses of $15,346.65.

2. The Trustee shall pay to PJSC within two (2) business days following the date of entry on the docket of this "So Ordered" Agreement by the Bankruptcy Court, the sum of $565,161.29 (the "**Settlement Amount**"), comprised of a Sale Transaction Fee of $440,000 and monthly fees previously held back of $125,161.29.

3. Effective immediately upon receipt by PJSC of the Settlement Amount, PJSC, on its behalf, and for its successors, assigns and agents, hereby fully and forever releases and discharges the Debtors and their respective estates, the Trustee, the Trust, and each of their employees, officers, directors, agents and attorneys, from all claims, causes of action, rights, liabilities, obligations, lawsuits and demands of any kind, known or unknown, asserted or unasserted, through the date hereof relating to any action or inaction in the Debtors' bankruptcy cases, and PJSC's engagement on behalf of or work for the Debtors.

4. Effective immediately upon receipt by PJSC of the Settlement Amount, the Trustee, the Trust and their successors, assigns and agents, hereby fully and forever release and discharge PJSC, and its employees, officers, directors, agents and attorneys, from all claims, causes of action, rights, liabilities, obligations, lawsuits and demands of any kind, known or unknown, asserted or unasserted, through the date hereof relating to any action or inaction in the Debtors' bankruptcy cases, PJSC's engagement on behalf of or work for the Debtors, and actions under the Bankruptcy Code including sections 542, 544, 547, 548, 549, 550 and 553 thereof.

5. This Agreement constitutes the entire agreement of the Parties hereto with respect to the subject matter hereof and may not be modified orally. This Agreement may only be modified or amended by the written consent of all the Parties.

6. The Parties represent and acknowledge that, in executing this Agreement, they do not rely and have not relied upon a representation or statement made by any party or any of its agents, shareholders, representatives or attorneys, with regard to the subject matter, basis or effect of this Agreement, other than as specifically stated in this Agreement.

7. The Parties further declare that, in making this Agreement, they rely entirely upon their own judgment, beliefs, and interest and, where applicable, the advice of their own counsel (for whose expense each shall be solely responsible) and they each have had a reasonable period of time to consider this Agreement.

8. Each person whose signature appears hereon individually represents and warrants to all Parties hereto that he or she has been duly authorized, and has full authority, to execute this Agreement on behalf of the entity on whose behalf this Agreement is executed.

9. This Agreement shall not be construed against the party preparing it, but shall be construed as if all Parties jointly prepared it and any uncertainty or ambiguity shall not be interpreted against any party.

10. This Agreement may be executed in any number of counterparts and by facsimile or "pdf", each of which shall be an original, with the same effect as if the signatures hereto were upon the same instrument.

11. This Agreement shall be effective upon being "So-ordered" and entered by the Bankruptcy Court. If the Bankruptcy Court does not "so-order" and enter this Agreement, the Agreement shall be null and void *ab initio*.

12. In the event of any suit or action based on breach of this Agreement, including, but not limited to, failure to pay the Settlement Amount in a timely fashion, the prevailing party shall be entitled to recover its reasonable costs, including, but not limited to, attorney fees in addition to such other remedies as may be allowed by law.

13. This Agreement shall be governed by, and construed in accordance with, the internal laws of the State of New York, and to the extent applicable, United States bankruptcy laws, without regard to any conflict of laws principles.

14. The Parties hereto acknowledge and consent that the Bankruptcy Court shall retain exclusive jurisdiction, and shall be the venue for any actions, to enforce the terms of this Agreement and decide any claims or disputes which may arise or result from, or be connected with, this Agreement.

(The remainder of this page is intentionally left blank)

IN WITNESS WHEREOF, the Parties hereto have read, understood and agreed to the terms of this Agreement, and have voluntarily executed the Agreement as of the dates set forth below by and through their undersigned and duly authorized representatives.

| | |
|---|---|
| /s/ Bradley Dietz<br>Authorized Representative for Peter J. Solomon Company, L.P.,<br>Name: Bradley Dietz<br>Title: Managing Director<br>Dated: 12/23/08 | /s/ Alan M. Jacobs<br>Alan M. Jacobs, as Trustee of the Shared Assets Trust<br>Dated: 12/24/08 |

SO ORDERED this 29th day of December, 2008
New York, New York


  /s/    **STUART M. BERNSTEIN**
HONORABLE STUART M. BERNSTEIN
CHIEF UNITED STATES BANKRUPTCY JUDGE