UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
In re:                                              :
                                                    :
M. FABRIKANT & SONS, INC. and                       :      Chapter 11 (Confirmed)
FABRIKANT-LEER INT'L, LTD.,                         :      Case No. 06-12737 (SMB)
                                                    :
                    Debtors.                        :
------------------------------------------------------X

**MEMORANDUM DECISION REGARDING APPLICATION FOR
PROFESSIONAL FEES AND REIMBURSEMENT OF EXPENSES**

**A P P E A R A N C E S:**

DIANA G. ADAMS
United States Trustee
33 Whitehall Street – 21st Floor
New York, NY 10004

      Marylou Martin, Esq.
          Of Counsel

SANFORD P. ROSEN & ASSOCIATES, P.C.
Attorneys for Alan M. Jacobs,
  as Trustee of the Shared Assets Trust
747 Third Avenue
New York, NY 10017-2803

      Sanford P. Rosen, Esq.
      Kenneth M. Lewis, Esq.
          Of Counsel

MAJMUDAR & CO.
96, Free Press House – 9th Floor
Free Press Journal Road
Nariman Point
Mumbai 400 021, INDIA

**STUART M. BERNSTEIN
Chief United States Bankruptcy Judge**

Majmudar & Co. (Majmudar), a law firm located in Mumbai, India, was retained as special counsel to the debtors. Its third and final application for fees and expenses sought a fee award of $34,885.00 for the third interim period, and a final fee award of $110,461.67. Majmudar also sought reimbursement of expenses in the total amount of $362. The United States Trustee and Alan M. Jacobs, the trustee of the Shared Asset Trust ("Jacobs") established under the debtors' confirmed plan, objected to the application.

For the reasons that follow, Majmudar is awarded fees for the third interim period in the amount of $21,371.67 and final fees in the amount of $72,047.52. Majmudar is also awarded reimbursement of all of the expenses that it seeks in the total amount of $362.

## BACKGROUND

At all relevant times, the debtors were engaged in the manufacture and sale of diamonds and jewelry. Their operations extended to India. Majmudar had represented the debtors prior to the petition date in connection with certain matters in India. Shortly after the debtors filed their chapter 11 petitions on November 17, 2006, they retained Majmudar as special counsel pursuant to 11 U.S.C. § 327(e) to continue this representation. (See Order Authorizing Employment and Retention Of Majmudar & Co. as Special Counsel, Nunc Pro Tunc, to the Petition Date Pursuant to Section 327(E) of the Bankruptcy Code, Rule 2014(A) of the Bankruptcy Rules and Local Bankruptcy Rule 2014-1, dated Feb. 22, 2007)(ECF Doc. # 193.)

A.    **Prior Interim Applications and Awards**

Majmudar filed its first interim application on October 1, 2007.[1] (First Interim Application of Majmudar & Co., as Indian Legal Counsel For Debtors and Debtors In Possession, For Compensation For Professional Services Rendered and For Reimbursement of Actual and Necessary Expenses Incurred During the First Interim Fee Period From November 17, 2006 Through April 30, 2007, dated Sept. 28, 2007 ("First Interim Application"))(ECF Doc. # 403.) Majmudar requested $49,494.17 in fees and $216.00 in reimbursed expenses incurred between November 17, 2006 and April 30, 2007 (the "First Interim Period"). Prior to any decision on the First Interim Application, Majmudar filed its second interim application on October 8, 2007. (Second Interim Application of Majmudar & Co., as Indian Legal Counsel For Debtors and Debtors In Possession, For Compensation For Professional Services Rendered and For Reimbursement of Actual and Necessary Expenses Incurred During the Second Interim Fee Period From May 1, 2007 Through July 31, 2007, dated Oct. 8, 2007 ("Second Interim Application"))(ECF Doc. # 415.) This time, Majmudar requested $26,082.50 in fees and $40.00 in reimbursed expenses incurred between May 1, 2007 and July 31, 2007 (the "Second Interim Period").

The Court resolved both applications in a single order. (See Second Order Granting Interim Compensation and Reimbursement of Expenses to Professionals, dated

---

[1] On January 8, 2007, the Court signed an order that authorized the debtors to pay the professionals 80% of the fees and reimburse 100% of the expenses on a monthly basis. (Order, Pursuant to Sections 105(a) and 331 of the Bankruptcy Code, Bankruptcy Rule 2016(a) and Local Bankruptcy Rule 2016-1, Establishing Procedures For Interim Monthly Compensation of Professionals, dated Jan. 8, 2007, at ¶ 2(e))("Monthly Fee Order")(ECF Doc. # 121.) Approximately every 120 days (but not less frequently than every 150 days), each professional was required to file an application for interim fees and reimbursement of expenses pursuant to 11 U.S.C. § 331. (Monthly Fee Order, at ¶ 2(j).) According to the First Interim Application, the delay in submission was due to the serious illness of Majmudar's the head of accounts. (First Interim Application, at ¶ 8.)

3

Oct. 31, 2007, at Sched. A)(ECF Doc. # 447.) With respect to the First Interim Application, it awarded 80% of the fees sought on an interim basis, or $39,595.34, and 100% of the expenses. (Id.). As to the Second Interim Application, Majmudar received an interim award of $20,866.00 in fees, or 80% of the amount sought, and 100% of the expenses.

**B.     Third and Final Application**

Majmudar filed its third and final fee application on August 19, 2008. (Third Interim and Final Application of Majmudar & Co., as Indian Legal Counsel For Debtors and Debtors In Possession, For Compensation For Professional Services Rendered and For Reimbursement of Actual and Necessary Expenses Incurred For Period From November 17, 2006 Through May 22, 2008, dated Aug. 18, 2008 ("Third Interim and Final Application"))(ECF Doc. # 721.) Majmudar sought $34,885 in fees and $106 in reimbursed expenses incurred between August 1, 2007 and May 22, 2008 (the "Third Interim Period"). Majmudar also sought $110,461.67 in fees and $362 in reimburse expenses incurred during the entire case. This latter amount included all of the fees and expenses sought through the three interim applications.

The United States Trustee objected to the payment of any amount in connection with the Third Interim Period. (See Objection of the United States Trustee to the Third Interim and Final Application of Majmudar & Co. For Compensation and Reimbursement of Expenses, dated Sept. 8, 2008)(ECF Doc. # 729.) The United States Trustee noted that Majmudar had failed to provide any time records covering the Third Interim Period "that include a narrative description of the services rendered." (Id., at ¶

11.) Majmudar had attached the required records as Exhibit D to the First and Second Interim Periods.

Majmudar eventually supplied the missing time records to Jacobs and to the United States Trustee.[2] Jacobs thereafter filed an objection to the Third Interim Period and to the Final Application covering the entire case. (See Objection of Alan M. Jacobs, as Trustee of the Shared Assets Trust, to Third Interim and Final Application of Majmudar & Co., as Indian Legal Counsel For Debtors and Debtors In Possession, For Professional Services Rendered and For Reimbursement of Actual and Necessary Expenses Incurred For the Period November 17, 2006 Through May 31, 2007, dated Sept. 8, 2008)(ECF Doc. # 731.) Initially, Jacobs maintained that Majmudar had failed to comply with the court-ordered deadline relating to the filing of fee applications. (Id., at ¶ 6.) In addition, Majmudar had "lumped" over 180 hours of time, aggregating over $45,000 in fees. (Id., at ¶ 9.) Under the fee guidelines discussed below, the fee applicant is required to make a separate entry for any activity that requires more than 30 minutes of billed time. Majmudar's time records for all three interim periods included numerous instances of lumping discrete activities into a single time entry that exceeded 30 minutes. The objection listed these "Lumped Entries" in a footnote. (See id., at ¶ 9 n. 1.) The United States Trustee filed a Supplemental Objection which raised the same argument, although without the degree of specificity in Jacobs' objection. (See Supplemental Objection of the United States Trustee to the Third Interim and Final Application of

---

[2] The Court never received copies of the missing time records from Majmudar. At my request, Jacobs provided a copy to the Court and filed a copy on the Court's electronic case filing system. (See ECF Doc. # 925.)

5

Majmudar & Co. For Compensation and Reimbursement of Expenses, dated Sept. 19, 2008)(ECF Doc. # 744.)

The Court scheduled a hearing on the Third and Final Fee Application for September 23, 2008. Majmudar's lead partner, Akil Hirani, asked for permission to appear telephonically, and the Court granted the request. (Order Regarding Hearing of Fee Application, dated Sept. 23, 2008 ("Hearing Order"))(ECF Doc. # 746.) He provided his cell phone number at which the Court could contact him and allow him to participate. (Id.) On the hearing date, my law clerk attempted to call the number twice, and was told that it had been disconnected. (Id.) As a result, the hearing did not go forward. (Id.)

Following the aborted hearing, the Court issued the Hearing Order. The Hearing Order withdrew the permission to appear telephonically, and directed Majmudar to appear personally or retain local counsel to appear for the firm. The Court directed Majmudar to contact Jacobs' attorney, Kenneth Lewis, Esq., within 30 days of the date of the Hearing Order, to schedule another hearing, and instructed Mr. Lewis to certify if Majmudar failed to do so. If Majmudar failed to comply, the Court intended to "determine the fee application/disgorgement motion on submission based on the papers that have been filed." (Id.)

Majmudar failed to comply with the Hearing Order. According to Mr. Lewis's certification, he emailed the Hearing Order to Mr. Hirani on September 24th. (See Declaration of Kenneth M. Lewis in Accordance With This Court's September 23, 2008 Order Regarding the Final Application of Majmudar & Co., as Indian Counsel For Debtors and Debtors In Possession, dated Oct. 24, 2008, at ¶ 5)(ECF Doc. # 797.) The

6

email advised Mr. Hirani of available hearing dates, and asked him to identify which dates were convenient. (Id.)

On October 22, 2008, only one day before the 30-day deadline, Mr. Lewis received an email from Mr. Hirani. (Id., at ¶ 6.) The email contained a counter-offer to a settlement offer that Jacobs had made prior to September 23rd. (Id.) The next day, Mr. Lewis responded, rejecting the counter-offer and making a revised offer. Mr. Lewis also asked Mr. Hirani to contact him to schedule a hearing date if the revised offer was not acceptable. (Id.) Mr. Hirani did not respond to Mr. Lewis, and never sought to schedule a hearing date. (Id., at ¶ 7.)

## DISCUSSION

Bankruptcy Code § 330 authorizes the court to award reasonable compensation to the applicant based on the actual, necessary services, and to reimburse him for his actual, necessary expenses. See 11 U.S.C. § 330(a)(1), (3)(A). The fee applicant bears the burden of proof on its claim for compensation. Howard & Zukin Capital v. High River Ltd. P'ship, No. 05 Civ. 5726 (BSJ), 2007 WL 1217268, at *2 (S.D.N.Y. Apr. 24, 2007); Zeisler & Zeisler, P.C. v. Prudential Ins. Co. of Am. (In re JLM, Inc.), 210 B.R. 19, 24 (B.A.P. 2d Cir. 1997); In re Keene Corp., 205 B.R. 690, 695 (Bankr. S.D.N.Y. 1997). Even in the absence of an objection, the Court has an independent duty to scrutinize the fee request. In re Busy Beaver Bldg. Ctrs., Inc., 19 F.3d 833, 841 (3d Cir. 1994).

To satisfy its burden, the applicant must, among other things, submit contemporaneous time records, although a computerized printout summary, in lieu of the original time slips, will suffice. Masterwear Corp. v. Angel & Frankel, P.C. (In re

7

Masterwear Corp.), 233 B.R. 266, 278 & n. 14 (Bankr. S.D.N.Y. 1999). The standards for time records are contained in this Court's Fee Guidelines, as amended, and the guidelines issued by the Executive Office of United States Trustees. See 28 C.F.R., pt. 58, App. A (2008) ("UST Guidelines").[3] Time records must be broken down by project. Id., at (b)(4)(i). Entries concerning communications (e.g., telephone calls, letters) should identify the parties and the nature of the communication. Id., at (b)(4)(v). Entries relating to conferences or hearings should identify the subject of the hearing, and explain, where appropriate, why more than one professional from the applicant participated. Id.

Finally, as noted earlier, the applicant cannot "lump" time entries. "Lumping" refers to the practice of aggregating time entries involving two or more discrete tasks without identifying the time spent on each task. "Lumping" makes it difficult to determine if the timekeeper spent a reasonable amount of time on each discrete task. As a result, the timekeeper fails to sustain its burden of proving that its fees are reasonable. The UST Guidelines permit "lumping" only where the aggregate time does not exceed 30 minutes. Id., at (b)(4)(v); accord In re Brous, 370 B.R. 563, 576-77 (Bankr. S.D.N.Y. 2007). Alternatively, and consistent with the practice followed here prior to the adoption of the UST Guidelines, the applicant may "lump" daily activities aggregating in excess of 30 minutes if the applicant indicates parenthetically the amount of time spent on each activity. Any uncertainties due to poor record keeping are resolved against the applicant. In re Poseidon Pools of America, 216 B.R. 98, 100-101 (E.D.N.Y. 1997).

---

[3] The Court's Administrative Order (re: Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases), dated April 19, 1995, at ¶ A, implicitly adopted the UST Guidelines for all fee applications filed on or after May 1, 1995 in post-1994 Reform Act cases.

The Court has examined each Lumped Entry, and with one exception,[4] agrees with Jacobs.[5]  The Court will allow only 30 minutes for each Lumped Entry, regardless of the aggregate time billed for that entry.  See Brous, 370 B.R. at 577.  The following tables show the requested fees and the amounts allowed after reduction for the Lumped Entries.  The tables are divided into the three interim periods, and the entries correspond to the periods covered by the billing statements presented to the Court:

**First Interim Period**

| Period | Fees Requested | Fees Allowed |
|---|---|---|
| 11/17/06-02/28/07 | 35,031.67 | 23,157.51 |
| 03/01/07-03/31/07 | 7,215.83 | 4,789.17 |
| 04/01/07-04/30/07 | 7,246.67 | 6,366.67 |
| | **49,494.17** | **34,313.35** |

**Second Interim Period**

| Period | Fees Requested | Fees Allowed |
|---|---|---|
| 05/01/07-06/30/07 | 21,779.17 | 12,899.17 |
| 07/01/07 | 4,303.33 | 3,463.33 |
| | **26,082.50** | **16,362.50** |

---

[4]     The exception pertains to the 8.1 hours billed by a paralegal, Kadam, on September 19, 2007.  Although the time entry refers to receiving instructions from J. Nishar, it appears that Kadam was directed to perform a lis pendens search on public computer and physical records.  Kadam continued the search for an additional 4.3 hours on September 21, 2007.

[5]     The Majmudar time records also contained small but numerous mathematical errors.  Each of the three interim applications included a one page summary attached as Exhibit C that computed the fee for that period under the lodestar method (i.e., billing rate multiplied by time expended).  The summaries identified, among other things, each attorney that worked on Fabrikant matters during the billing period, that attorney's billing rate and the total number of hours that the attorney billed.  The summary then purported to multiply the billing rate by the hours billed for each attorney, and add the products to arrive at the total fee for the period.  Although this calculation involved simple multiplication, virtually every lodestar calculation was wrong.

9

**Third Interim Period**

| Period | Fees Requested | Fees Allowed |
|---|---:|---:|
| 08/01/07-09/30/07 | 16,843.33 | 9,053.33 |
| 10/01/07-10/31/07 | 3,710.00 | 3,710.00 |
| 11/01/07-11/30/07 | 1,466.67 | 746.67 |
| 12/01/07-12/31/07 | 5,386.67 | 2,506.67 |
| 01/01/08-02/28/08 | 2,590.00 | 2,590.00 |
| 03/01/08-03/31/08 | 4,888.33 | 2,765.00 |
|  | **34,885.00** | **21,371.67** |

Based on the foregoing, Majmudar is awarded fees in the amount of $21,371.67 for the Third Interim Period, and $72,047.52 for the entire case. The Court will not further reduce the award by the relatively small mathematical errors noted in footnote 5. Majmudar is also awarded the expenses in the aggregate amount of $362 – the total amount sought in the case. Majmudar has already received interim payments of $65,676.84, in connection with the First and Second Interim Applications. The record does not reflect whether Majmudar received other payments during the Third Interim Period under the Monthly Fee Order. Accordingly, Jacobs is directed to settle a proposed order on 30 days notice to Majmudar. The proposed order should reflect the amount of

10

fees and expenses awarded, the amount of fees and expenses already paid, and the amount of fees and expenses that remain due or should be disgorged.

Dated: New York, New York
       January 13, 2009

/s/ *Stuart M. Bernstein*
STUART M. BERNSTEIN
Chief United States Bankruptcy Judge